UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| JEAN FRAZIER, | \* | CIV 19-4132 |
| Plaintiff, | \* | |
| vs. | \* | MEMORANDUM OPINION AND ORDER ON MOTION TO BIFURCATE AND STAY DISCOVERY |
| FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Motion to Bifurcate and Stay of Discovery pursuant to Federal Rules of Civil Procedure 26(c) and 42(b). (Doc. 13.) The Court has considered all filings and for the following reasons, Defendant's motion is denied.

## BACKGROUND

On March 14, 2019, a windstorm damaged Plaintiff Jean Frazier's ("Frazier") home. Frazier submitted a claim for the damage sustained to her home to Defendant, Farmers Mutual Insurance Company of Nebraska ("Farmers"). Particularly, Frazier had sustained damage to her roof.

On April 5, 2019, Chris Stamm ("Stamm"), an agent of Farmers, inspected Frazier's home. Based on that inspection, Stamm concluded that the damage to Frazier's roof was less than the $1,500 deductible and closed Frazier's claim without payment. After Frazier was told by H&H Roofing that the entire roof needed to be replaced, she contacted Farmers to let them know. On April 25, 2019, Farmers received a copy of H&H Roofing's estimate to replace the entire roof.

Farmers hired Trent Nelson ("Nelson") of Apex Structural Design to examine Frazier's roof. Nelson examined the roof on May 9, 2019. On May 30, 2019, Stamm produced Nelson's May 29, 2019 report and stated that Farmers' stance remained that the wind damage to Frazier's dwelling was less than her policy deductible of $1,500.

On June 4, 2019, Farmers received a letter from H&H Roofing explaining why performing a patch repair would not properly fix the damage caused by the storm. On June 13, 2019, Farmers

issued a letter denying Frazier's request to replace the entire roof for the damage caused by the storm.

On July 29, 2019, Frazier filed this lawsuit against Farmers alleging breach of contract, bad faith, punitive damages, and vexatious refusal to pay. After Frazier moved to compel responses to some of her discovery requests, Farmers filed a Motion to Bifurcate and Stay of Discovery pursuant to Rules 26(c) and 42(b) of the Federal Rules of Civil Procedure. Farmers argues that Frazier's bad faith claim should be bifurcated from her breach of contract claim, and it requests an order staying discovery on Frazier's bad faith claim until her breach of contract claim is resolved.

## ANALYSIS

Federal Rule of Civil Procedure 42(b) provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42. Trial courts have broad discretion in determining whether to bifurcate and grant separate trials. *O'Dell v. Hercules, Inc*., 904 F.2d 1194, 1201–02 (8th Cir. 1990). In exercising this discretion, the court should consider "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." *Id.* at 1202. However, the key issue is whether bifurcation is necessary to avoid prejudice, and the burden is on the party seeking bifurcation to demonstrate it will be prejudiced if the claims are not bifurcated. *See Athey v. Farmers Ins. Exchange*, 234 F.3d 357, 362 (8th Cir. 2000) (because the movant could not show prejudice, the district court did not abuse its discretion by refusing to bifurcate claims). Separating issues for trial "is not to be routinely ordered." Fed.R.Civ.P. 42(b) advisory committee note; *see also* 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. 2020) ("The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course. Thus, Rule 42(b) should be resorted to only as the result of the exercise of informed discretion when the district judge believes that separation will achieve the purposes of the separate trial rule.").

Farmers argues first that bifurcation is necessary to avoid prejudice to Farmers because Frazier's bad faith claim discovery requests are excessively burdensome and expensive, especially

when compared to the underlying contract claim.  Farmers does not want to invest substantial time and resources to provide information relevant to the bad faith claim.  But the parties have fully briefed their disputes over the bad faith discovery for purposes of Frazier's motion to compel.  The motion to compel has been referred to Magistrate Duffy for ruling, and she will carefully scrutinize Frazier's disputed discovery requests and determine what is or is not within the scope of discovery. The Court concludes that the parties' discovery disputes over the bad faith claim can be resolved relatively soon, in the best manner possible for both parties, and that judicial economy will be served if discovery is completed on both claims now.

Farmers next argues that bifurcation of the contract and bad faith claims would avoid confusion of the jury by simplifying the issues for trial and allowing the jury to stay focused on one issue at a time. Given that this is a relatively straightforward insurance dispute with two related claims, the jury could objectively assess both claims in a single trial. The Court has presided over numerous jury trials and is convinced that any potential confusion can be remedied by carefully crafted jury instructions.

Finally, Farmers contends that bifurcation serves the interests of judicial economy because Frazier is not entitled to consideration of the bad faith claim unless she receives a favorable result on the contract claim, and it is possible that a jury could find in favor of Farmers on the contract claim.  It is also possible, however, that Frazier will prevail on the contract claim, then another trial would still be necessary to determine whether Farmers is liable for the bad faith claim. In addition, though the two claims have different elements, some evidence is relevant to both claims. Frazier has pointed to witnesses who will testify to both the nature of her insurance claim and the reasonableness of Farmers' denial of the claim. Separate trials would require presentation of that testimony twice. The Court concludes that judicial economy is not served by two trials on claims that could be resolved with one trial.

## CONCLUSION

Farmers has not demonstrated that bifurcation would promote judicial economy or avoid prejudice. Given the facts and circumstances of this case, bifurcation of the breach of contract and bad faith claims is not warranted. Accordingly,

**IT IS ORDERED** that the motion of Defendant Farmers Mutual Insurance Company of Nebraska to Bifurcate and Stay of Discovery (Doc. 13) is denied.

Dated this 22nd day of May, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

4