UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JEAN FRAZIER,<br><br>                Plaintiff,<br><br>    vs.<br><br>FARMERS MUTUAL INSURANCE<br>COMPANY OF NEBRASKA,<br>                Defendant. | 4:19-CV-04132-LLP<br><br><br>ORDER GRANTING PLAINTIFF'S<br>SECOND MOTION TO COMPEL<br><br>DOCKET NO. 28 |

**INTRODUCTION**

This matter is before the court on plaintiff Jean Frazier's complaint alleging breach of contract and bad faith denial of insurance benefits against her home insurer, defendant Farmers Mutual Insurance Company of Nebraska ("Farmers"). See Docket No. 1. Jurisdiction is premised on the diverse citizenship of the parties and an amount in controversy in excess of $75,000. See 28 U.S.C. § 1332 (2018). Now pending is plaintiff's second motion to compel defendant to provide discovery responses. See Docket No. 28. The district court, the Honorable Lawrence L. Piersol, referred the motion to this magistrate judge for determination. See Docket No. 31.

**FACTS**

For a more detailed recitation of the underlying facts of this case, see the court's June 5, 2020, order granting Ms. Frazier's first motion to compel. See

Docket No. 25.  The facts are, as regards the resolution of this motion, as follows.

Ms. Frazier filed this lawsuit in federal court on July 29, 2019, alleging claims of breach of contract and bad faith denial of insurance benefits.  In association with these claims, Ms. Frazier asserts Farmers inserted a functional damage requirement into her policy that did not exist in that written contract and that Farmers wrongfully depreciated labor and cost of debris removal in order to arrive at a repair estimate that was less than her deductible.

Ms. Frazier served Farmers with interrogatories and requests for production.  Farmers responded to those discovery requests in ways that Ms. Frazier took issue with, and Ms. Frazier filed a motion to compel complete discovery responses from Farmers on February 12, 2020.  See Docket No. 10.  This court granted Ms. Frazier's motion on June 5, 2020.  See Docket No. 25.

Then, Ms. Frazier served Farmers with several additional discovery requests.  After delays, missed deadlines, and belated responses, Ms. Frazier filed a second motion to compel discovery on September 18, 2020.  See Docket No. 28.  Based on the parties' submissions, Ms. Frazier took the depositions of nine Farmers' employees from August 19, 2020, to October 2, 2020, after most of the initial deadlines for discovery responses but before Farmers had provided the bulk of the same.  See Docket No. 33 at pp. 8-9.

The second motion to compel requests an order directing Farmers to comply fully with its discovery obligations and asks for sanctions against

2

Farmers for depriving Ms. Frazier of discovery responses prior to depositions of Farmers employees, thereby improving Farmers' posture in this litigation. Docket No. 29 at p. 10. Ms. Frazier also asked for an award of attorneys' fees under Federal Rule of Civil Procedure 37(a)(5) (Docket No. 28 at p. 1) and an adverse inference jury instruction related to Farmers' alleged bad faith conduct during discovery (Docket No. 29 at p. 9).

After Ms. Frazier filed her second motion to compel, Farmers responded to several of Ms. Frazier's discovery requests. Farmers served unsigned answers to Ms. Frazier's second, third, and fourth sets of interrogatories on October 9, 2020, and signed answers to the same on October 13, 2020. See Docket No. 33 at p. 9; Ptf. Exs. 61-66, Docket Nos. 34-7 through 34-12. Farmers also served formal responses to Ms. Frazier's second, third, fourth, fifth, and seventh requests for production on October 9, 2020. See Docket Ptf. Exs. 70-74, Docket Nos. 34-16 through 34-20.

Farmers resists Ms. Frazier's motion to compel with a response filed October 12, 2020. See Docket No. 32. Farmers asserts that all outstanding discovery responses were submitted to Ms. Frazier's attorneys on or before October 9, 2020, with the exception of the signature pages of the second, third, and fourth sets of interrogatories. See Docket No. 32 at p. 1. Farmers stated those pages were forthcoming. Id. Signed pages of these documents were served on Ms. Frazier on October 13, 2020.

Farmers also asserts it had provided all discovery relevant and pertinent to each of its employees Ms. Frazier deposed prior to their depositions, albeit

3

not in the form of formal discovery responses.  Docket No. 32 at p. 1.  Farmers agrees to reconvene any deposition if Ms. Frazier identifies information in the formal discovery responses that requires retaking a deposition.  Id.

Farmers resists Ms. Frazier's request for an adverse inference jury instruction on the bases that (i) Ms. Frazier has not been prejudiced by Farmers' belated discovery responses, (ii) because Farmers has produced its discovery, this was not a situation where evidence has been lost or destroyed while discovery requests were outstanding, and (iii) Farmers has not improved its posture in this litigation by its late responses to discovery requests.  Id. at p. 2.

But, according to Ms. Frazier, several of Farmers' delayed responses are inadequate.  Namely, Ms. Frazier, in her reply, asserts Farmers' responses to the following requests for production are incomplete: (i) request number nine from the first set of requests for production; (ii) request number 18 from the third set of requests for production; and (iii) request number 26 from the fourth set of requests for production.  See Docket No. 33 at pp. 2-5.

Ms. Frazier's reply also requests additional sanctions against Farmers as punishment for its disregard for her rights during discovery.  Docket No. 33 at p. 5.  Specifically, she requests an award of costs for re-conducting any depositions that may be required based on information produced after the employees' depositions due to Farmers' belated responses to discovery.  Id. at pp. 7-11.  Ms. Frazier restates her requests for attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A) related to this second motion to compel and

4

a jury instruction related to Farmers' bad conduct during discovery.  Id. at

pp. 5-6, 11.

On December 23, 2020, the court ordered supplemental briefing from

Farmers responding to Ms. Frazier's complaints about its responses to requests

for production 9, 18, and 26 and Ms. Frazier's request for a sanction shifting to

Farmers the costs and fees associated with any depositions of Farmers

employees that need to be retaken.  See Docket No. 49.

Farmers timely filed its supplemental response on January 6, 2021.  See

Docket No. 50.  Now that all issues before the court have been fully briefed,

they are ripe for decision.

## DISCUSSION

### A.    Standards Governing Discovery

Federal Rule of Civil Procedure 26(b)(1) sets forth the scope of discovery

In civil cases pending in federal court:

> Unless otherwise limited by court order, the scope of discovery is
> as follows: Parties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim or
> defense and proportional to the needs of the case, considering the
> importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the
> parties' resources, the importance of the discovery in resolving the
> issues, and whether the burden or expense of the proposed
> discovery outweighs its likely benefit.  Information within the scope
> of discovery need not be admissible in evidence to be discoverable.

See FED. R. CIV. P. 26(b)(1).  Rule 26 contains specific limitations relative to

electronic discovery and other objections to providing discovery:

> (B)    *Specific Limitations on Electronically Stored Information.*
>        A party need not provide discovery of electronically
>        stored information from sources that the party

5

identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify the conditions for the discovery.

(C)    *When Required.*  On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)    the proposed discovery is outside the scope permitted by Rule 26(b)(1).

See FED. R. CIV. P. 26(b)(2)(B) and (C).

If a party fails to respond to a proper request for discovery, or if an evasive or incomplete response is made, the party requesting the discovery is entitled to move for a motion compelling disclosure after having made a good faith effort to resolve the dispute by conferring first with the other party.  See FED. R. CIV. P. 37(a).

The scope of discovery under Rule 26(b) is extremely broad.  See 8 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2007 (3d ed. Oct. 2020 update).  The reason for the broad scope of discovery is that "[m]utual knowledge of all the relevant facts gathered by both parties is

6

essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession." Id. (quoting Hickman v. Taylor, 329 U.S. 495, 507-08 (1947)).  The Federal Rules distinguish between discoverability and admissibility of evidence.  FED. R. CIV. P. 26(b)(1), 32, and 33(a)(2) & (c).  Therefore, the rules of evidence assume the task of keeping out incompetent, unreliable, or prejudicial evidence at trial.  But these considerations are not inherent barriers to discovery.

"Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings.  Relevancy . . . encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.' " E.E.O.C. v. Woodmen of the World Life Ins. Soc'y, No. 8:03CV165, 2007 WL 1217919, at *1 (D. Neb. Mar. 15, 2007) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).  The party seeking discovery must make a "threshold showing of relevance before production of information, which does not reasonably bear on the issues in the case, is required."  Woodmen of the World, 2007 WL 1217919, at *1 (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993)).  "Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe[,] with a reasonable degree of specificity, the information they hope to obtain and its importance to their case."  Woodmen of the World, 2007 WL 1217919, at *1 (citing Cervantes v. Time, Inc., 464 F.2d 986, 994 (8th Cir. 1972)).

7

Discoverable information itself need not be admissible at trial; rather, the defining question is whether it is within the scope of discovery.  See FED. R. CIV. P. 26(b)(1).  Additionally, the court may limit the frequency and extent of discovery.  See FED. R. CIV. P. 26(b)(2); see also Roberts v. Shawnee Mission Ford, Inc., 352 F.3d 358, 361 (8th Cir. 2003) ("The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit."); Cont'l Ill. Nat'l Bank & Trust Co. of Chi. v. Caton, 136 F.R.D. 682, 684-85 (D. Kan. 1991) ("All discovery requests are a burden on the party who must respond thereto.  Unless the task of producing or answering is unusual, undue or extraordinary, the general rule requires the entity answering or producing the documents to bear that burden.").

Ms. Frazier was under a duty to meet and confer with Farmers before filing this motion to attempt to resolve the parties' discovery dispute.  She asserts she satisfied that duty and has submitted a detailed record of the parties' communications about discovery.  Farmers does not dispute that Ms. Frazier has satisfied this duty.  Accordingly, the motion is ripe for decision.

**B.    Individual Discovery Requests and Objections**

**1.     Request for Production 9**

This request seeks "[A]ll manuals, policies, procedures, training materials or guidelines used in Farmers Mutual Insurance's claims operation for handling weather-related property damage claims."  Ptf. Ex. 1 at p. 7, Docket No. 12-1 at p. 7.  Farmers objected to this request on the bases "that it is

overly broad, burdensome, and is not reasonably calculated to lead to the discovery of admissible evidence." Ptf. Ex. 6 at p. 4, Docket No. 12-6 at p. 4. Nevertheless, Farmers produced 76 pages, comprised of a document called the Haag Field Guide for Composition Roof Damage Assessment. Id.; Ptf. Ex. 7 at p. 2, Docket No. 12-7 at p. 2. Farmers' counsel told Ms. Frazier Farmers "does not have any other documents or related materials responsive to [request number nine.]" Ptf. Ex. 7 at p. 2, Docket No. 12-7 at p. 2.

Ms. Frazier alleges this document production was incomplete. In a letter dated June 25, 2020, Ms. Frazier's attorneys identified several training materials that were referenced in other documents Farmers had produced. Namely, Ms. Frazier's attorneys identified the Chartered Property Casualty Underwriters and Associate in Claims training materials, the "Policy Book" referenced at FMNE 1537, "8 Characteristics of Awesome Adjusters," referenced at FMNE 1547, "The Property School," referenced at FMNE 1559, and "workshops" referenced at FMNE 1577. Ptf. Ex. 42 at p. 2, Docket No. 30-11 at p. 2.

Ms. Frazier asserts this issue resurfaced during the August 20, 2020, deposition of Todd Lane, a Farmers Claims Examiner, when he referenced additional handouts from HDHY Engineering trainings. Ptf. Ex. 55 at pp. 29-31, Docket No. 34-1 at p. 2.[1] At the deposition, Farmers' attorney noted they would look into getting that training material. Id. at p. 31. Mr. Lane

---

[1] For ease of reference, the court will use the page number in the CM/ECF header when referencing page numbers of deposition transcript exhibits filed using CM/ECF.

testified that he did not use those handouts in relation to Ms. Frazier's insurance claim.  Id.  Ms. Frazier's attorneys followed up on their request for the HDHY Engineering and other training materials on August 24, 2020.  Ptf. Ex. 49 at p. 1, Docket No. 30-18 at p. 1.

In its supplemental response, Farmers states inquiry has been made into whether any other documents responsive to request number nine exist.  See Docket No. 50 at p. 1.  According to Farmers, this inquiry includes training materials or handouts from HDHY Engineering and Donan Engineering.  Id. Farmers states it will supplement its discovery responses if additional responsive documents are identified.  Id.

Here, Ms. Frazier has made a threshold showing of relevancy. Ms. Frazier asserts these training materials are relevant because they may show that Farmers trains its employees to look only for functional damage, something Farmers now denies and a fact important to the outcome of the case.  See Docket No. 33 at p. 2-3; Docket No. 1 at pp. 4, 6 & 8, ¶¶ 26-29, 46 & 63.  Thus, Ms. Frazier has "describe[d,] with a reasonable degree of specificity, the information [she] hope[s] to obtain and its importance to [her] case."  Tovares v. Gallagher Bassett Servs., Inc., No. 5:16-CV-05051-JLV, 2020 WL 4740455, at *2 (D.S.D. Aug. 14, 2020).

Further, although Farmers does not specifically resist this discovery request on the basis that it is irrelevant or unduly burdensome, it raised these and other objections in its answer to Ms. Frazier's discovery request.  "The party resisting discovery must show specifically how each request is irrelevant

10

or unduly burdensome." Tovares, 2020 WL 4740455, at *2.  Farmers has not shown how Ms. Frazier's request for additional specific training materials, which they identified by reviewing Farmers' other document production, is unduly burdensome or how those materials, which might show that Farmers trained its employees to assess only functional damage, is not relevant. Further, although Farmers has inquired whether any additional responsive documents exist and agreed to supplement its response with the same, it apparently has not done so in the more than six months since Ms. Frazier's attorneys requested specific additional training documents and handouts on June 25, 2020.  Ptf. Ex. 42 at p. 2, Docket No. 30-11 at p. 2.  Therefore, the court grants Ms. Frazier's motion to compel as to request to produce number nine.

### 2.    Request for Production No. 18

In this discovery request, Ms. Frazer seeks "any and all documents showing compensation for all employees who worked on Frazier's claim, up the current 'chain of command' of Farmers Mutual Insurance's claims offices, including the personnel who handled and/or reviewed Frazier's claim, including the head of the claims department and anyone the head of the claims departments reports to."  Ptf. Ex. 32 at p. 4, Docket No. 30-1 at p. 4.  In response to this request, Farmers referred to personnel files for Adjuster Christine Stamm, District Manager Tim Ljunggren, and Claims Examiner Todd Lane.  Ptf. Ex. 56 at p. 1, Docket No. 34-2 at p. 1.  Farmers did not offer any

11

objections to this request or any rationale for excluding from its production other employees' files.

Ms. Frazier asserts Farmers' response to this request is incomplete because it omits other employees' files, namely those of Regional Manager Steve Hostert, Director of Field Operations Kristine Filipi, Vice President of Claims Aaron Glause, and President Mark Walz. Docket No. 33 at p. 3.

Ms. Frazier asserts these files are important given allegedly contradictory deposition testimony by Mr. Ljunggren and Mr. Lane. Mr. Ljunggren testified that Farmers does not offer bonuses to its employees apart from those based on attendance. Ptf. Ex. 57 at pp. 215-16, Docket No. 34-3 at p. 2. According to Ms. Frazier, this testimony is directly contrary to Mr. Lane's testimony that "there is a bonus/profit sharing system" that everyone in the company, including Mr. Ljunggren, gets. Ptf. Ex. 55 at p. 159, Docket No. 34-1 at p. 3.

Resisting Ms. Frazier's request for additional documents showing compensation of the seven named employees, Farmers argues in its supplemental reply that its discovery response, which contained personnel files for Ms. Stamm, Mr. Ljunggren, and Mr. Lane, was complete because these three were the only Farmers employees who worked on Ms. Frazier's claim before this litigation commenced. See Docket No. 50 at p. 2. Farmers also asserts Mr. Hostert, Ms. Filipi, Mr. Glause, and Mr. Walz did not review and were not otherwise involved with Ms. Frazier's claim until after litigation commenced, and any such involvement concerned the validity of the allegations made in the complaint and deposition preparation. Id. Further,

12

Farmers argues that, to the extent compensation for Mr. Hostert, Ms. Filipi, Mr. Glause, and Mr. Walz is encompassed by Ms. Frazier's request for personnel files, that information was provided for 2015 through 2019 in Exhibit 86 from Mr. Walz's September 30, 2020, deposition.  Id.

Here, Ms. Frazier has made a threshold showing of relevancy.  Because she is seeking punitive damages, Ms. Frazier must show that Farmers acted with malice, actual or implied.  See Bertelsen v. Allstate Ins. Co., 796 N.W.2d 685, 698-99 (S.D. 2011) (citing S.D. CODIFIED Laws § 21-3-2).  "Actual malice is a positive state of mind, evidenced by a positive desire and intention to injure one another, actuated by hatred or ill-will towards that person."  Bertelsen, 796 N.W.2d at 699 (quotation omitted).  Implied malice can be inferred or imputed by law.  Id.  "Presumed malice may not be motivated by hatred or ill-will but is present when a person acts willfully or wantonly to the injury of others."  Id. (internal quotation omitted).

When a party seeks punitive damages, the jury must evaluate "1) the degree of reprehensibility of the defendant's misconduct, 2) the disparity between the harm (or potential harm) suffered by the plaintiff and the punitive damages award, and 3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." Roth v. Farner-Bocken Co., 667 N.W.2d 651, 665-66 (S.D. 2003) (citing State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418 (2003)).  The jury may consider evidence that the harm caused to a plaintiff was a company policy or practice.  Roth, 667 N.W.2d at 666.

13

"Personnel files are relevant and discoverable as it pertains to a claim for punitive damages." Tovares, 2020 WL 4740455, at *5 (citing Anspach v. United Omaha Life Ins. Co., No. CIV. 10-5080-JLV, 2011 WL 3862267, at *9 (D.S.D. Aug. 31, 2011)). This is because "[p]ersonnel files may reveal whether a particular employee was rewarded financially for denying a certain number or percentage of claims or achieving a particular outcome with regard to claims handling. This is certainly relevant to [Ms. Frazier's] . . . punitive damages claim[]." Anspach, 2011 WL 3862267, at *9.

Additionally, documents related to compensation for all employees involved in the claims process and their supervisors, up to the head of the claims department, may be relevant to a plaintiff's bad faith claim. Hill v. Auto Owners Ins. Co., Civ. No. 14-5037-KES, 2015 WL 2092680, at *15 (D.S.D. May 5, 2015). Thus, information about financial incentive programs at Farmers is at least initially relevant to Ms. Frazier's punitive damages and bad faith claims. Torres v. Travelers Ins. Co., Civ. 01-5056-KES, 2004 U.S. Dist. LEXIS 31888, at *42-46 (D.S.D. Sept. 30, 2004) (reasoning that financial incentive programs were relevant to a bad faith claim and the issue of punitive damages).

While Farmers may have produced information about compensation for all seven named employees from 2015 to 2019 in Exhibit 86 to Mr. Walz's deposition, Farmers has not addressed the thrust of Ms. Frazier's motion to compel as to request for production number 18: whether there is a bonus/profit sharing system in place at Farmers. Documents showing the existence and details of a bonus/profit sharing system are responsive to

14

Ms. Frazier's request for "any and all documents showing compensation for all employees who worked on Frazier's claim." Ptf. Ex. 32 at p. 4, Docket No. 30-1 at p. 4. See Hill, 2015 WL 2092680, at *15. Because Farmers has not provided the court with Exhibit 86 from Mr. Walz's deposition, the court cannot determine whether any information about financial incentives was contained therein. Farmers has not shown documents showing the existence and details of financial incentive programs are irrelevant or that their production is overly broad or unduly burdensome. Therefore, the motion to compel Farmers' response to request to produce number 18 is granted as to documents that show compensation through a bonus or profit-sharing system related to certain Farmers employees.

Still, Farmers objects that Ms. Frazier's request for production number 18 seeks documents showing compensation for only those employees who worked on Ms. Frazier's claim. Farmers argues it has satisfied its discovery obligations by producing the personnel files of Ms. Stamm, Mr. Ljunggren, and Mr. Lane. These three, according to Farmers, were the only Farmers employees who worked on Ms. Frazier's claim.

The court considered a similar discovery dispute in Ms. Frazier's first motion to compel. Ms. Frazier's request for production number four sought the personnel files "of all personnel involved with Jean's claim, including but not limited to Chris Stamm and all supervisors in the chain of command above those personnel, up to the head of the claims department." Ptf. Ex. 1 at p. 6, Docket No. 12-1 at p. 6. Farmers offered to produce for inspection the

15

personnel files of Ms. Stamm, Mr. Ljunggren, Mr. Lane, and Mr. Hostert.[2]  Ptf. Ex. 7 at p. 2, Docket No. 12-7 at p. 2.  Farmers initially refused to produce the personnel files of Ms. Filipi and Mr. Glause, asserting those upper management employees never handled any part of Ms. Frazier's claims file, making them irrelevant to Ms. Frazier's contract claim.  Docket No. 25 at p. 13.

The court rejected Farmers' objection, reasoning that any company policies relevant to Ms. Frazier's bad faith claim would likely originate at the topmost levels of Farmers' claims department, and the personnel files of the highest-level managers would likely reflect such a policy, if one exists.  Id. at p. 14.  The court found that Ms. Frazier had carried her burden to demonstrate initial relevancy of the discovery requested and noted that Farmers had not shown the discovery was irrelevant to her bad faith claims or that production was overly broad or unduly burdensome.  Id.  The court ordered Farmers to produce for inspection Ms. Filipi's and Mr. Glause's personnel files consistent with the parties' confidentiality agreement and with redaction of sensitive personal information.  Id.

The same reasoning applies to the compensation information sought by Ms. Frazier in request to produce number 18.  But, unlike request number four, request number 18 seeks documents showing compensation for the head of the claims department (Mr. Glause) *and* anyone Mr. Glause reports to.  That

---

[2] Farmers' inclusion of Mr. Hostert in its response to request number four as an employee involved with Ms. Frazier's claim belies their objection to request number 18 that Mr. Hostert did not work on Ms. Frazier's claim.  In any case, this observation does not bear on the result.

would include Mr. Walz, the President of Farmers.  Farmers has not shown

that discovery of documents showing Mr. Walz's compensation, including

financial incentive programs, is irrelevant to Ms. Frazier's bad faith claim and

the issue of punitive damages.  Nor has Farmers shown that production of this

information is overly broad or unduly burdensome.  Therefore, Farmers is

ordered to produce any and all documents showing compensation, including

those showing financial incentive programs and bonus/profit sharing

programs, for Mr. Hostert, Ms. Filipi, Mr. Glause, and Mr. Walz from 2015 to

2019, said production to be made consistent with the parties' confidentiality

agreement and with redaction of sensitive medical, social security, or account

number information.

### 3.   Request for Production No. 26

This discovery request asked for:

[A]ll pleadings, including any and all summary judgment motions
and supporting documents, verdicts, judgments, and all
transcripts in the following actions: (1) <u>Jacquelynn Barse v.
Farmers Mutual of Nebraska</u>, 50 CIV. 16-000035; (2) <u>Suzanne
Behlings and Eric Behlings v. Farmers Mutual of Nebraska</u>, 4:18-
cv-04010-KES; (3) <u>Lyle Benson v. Farmers Mutual of Nebraska</u>, 49
CIV. 17-002765; (4) <u>Annette Olsen and David Olsen v. Farmers
Mutual of Nebraska</u>, 4:19-cv-04090-KES; and (5) <u>Gretchen
Paulson v. Farmers Mutual of Nebraska</u>, 06 CIV. 19-000081.

Ptf. Ex. 33 at pp. 3-4, Docket No. 30-2 at pp. 3-4.

Farmers responded:

Transcripts of any relevant depositions in the referenced actions
have previously been provided to Plaintiff.  Copies of all pleadings
are available to Plaintiff via a search of eCourts for the state court
proceedings and PACER for the federal court proceedings.

Ptf. Ex. 58 at p. 2, Docket No. 34-4 at p. 2.

Ms. Frazier argues Farmers is not entitled to unilaterally decide which depositions are relevant to the discovery request.  See Docket No. 33 at p. 4.  In Farmers' supplemental response, it states it has provided all but two deposition transcripts in the matters Ms. Frazier referenced.  Docket No. 50 at p. 3. Farmers also states it will supplement its response to request for production number 26 with copies of these deposition transcripts.  Id.

But Farmers' supplemental reply does not address the other case-related materials request for production number 26 seeks.  In Schultz v. Sentinel Ins. Co., Ltd., No. 4:15-CV-04160-LLP, 2016 WL 3149686, at *8-9 (D.S.D. June 6, 2016), this court dealt with a similar issue.  In an action alleging bad faith and a claim for punitive damages, the plaintiff-insured requested the case name, venue, case number, and the substance of the allegations raised against the defendant-insurer in any bad faith or unfair claims processing cases in the preceding ten years.  Id. at *8.  The defendant-insurer objected on relevance and unduly broad/overly burdensome grounds.  Id.  The defendant-insurer provided some responsive information, but the plaintiff-insured brought a motion to compel seeking more complete information, including the substance of the allegations in each lawsuit.  Id.  This court granted the plaintiff-insured's motion, reasoning as follows:

> This issue is not a new one.  Evidence of past bad faith claims and unfair claims processing claims are routinely asked for and routinely produced, or ordered to be produced, in this district.  See e.g. Lillibridge v. Nautilus Ins. Co., 2013 WL 1896825, at *5-6 (D.S.D. May 3, 2013); Kirschenman v. Auto-Owners Ins., 280 F.R.D. 474, 489 (D.S.D. 2012); Beyer v. Medico, 5:08-cv-05058-JLV, Docket No. 61, at pp. 13-114 [sic] (D.S.D. Nov. 13, 2009). And they are not limited to the exact type of claim presented by the

18

plaintiff in the case—i.e. property only, first-party only, weather-related only.  See Lillibridge, 2013 WL 1896825 at *5.

That is because, in order to prove bad faith, the plaintiff must show that the insurance company unreasonably investigated or denied a claim knowing that there was coverage, or acted in reckless disregard to whether the facts indicated coverage.  Id. (citing Dakota, Minnesota & Eastern RR Corp. v. Acuity, 771 N.W.2d 623, 632 (S.D. 2009)).  To prove punitive damages, the plaintiff must show the insurance company acted with malice, actual or presumed.  Id. (citing Bertelsen v. Allstate Ins. Co., 796 N.W.2d 685, 698-99 (S.D. 2011)).  Relevant to the issue of punitive damages is whether the insurance company engaged in a pattern or practice of conduct that caused harm to those who are financially vulnerable.  Id. (citing Roth v. Farner-Bocken Co., 667 N.W.2d 651, 666 (S.D. 2003)).  Evidence of other claims against [defendant-insurer] alleging bad faith or unfair claims practices is relevant to the *prima facie* claim of bad faith as well as to [plaintiff-insured's] punitive damages claim.

Id. at *9.  Based on this reasoning, this court ordered the defendant-insurer to provide, for every lawsuit responsive to the plaintiff-insured's discovery request, the complaint and answer (including any amended complaints and amended answers), the docket sheet, and copies of any dispositive motions and responding briefs, as well as a brief summary of the outcomes of the cases.  Id.

While the parties have focused on deposition transcripts in their briefing of Ms. Frazier's second motion to compel, request for production number 26 is not limited to deposition transcripts.  Instead, it asks for "all transcripts" in the referenced actions in addition to pleadings, dispositive motions and exhibits, and verdicts and judgments.  As discussed above, Farmers has stated it has already produced or will produce transcripts of all depositions in the referenced cases.  As for the non-deposition transcripts and other case documents Ms. Frazier requests, the court's reasoning in Plucker v. United Fire & Cas.

19

Co., No. CIV 12-4075, 2014 WL 68752, at *4 (D.S.D. Jan. 8, 2014), is

instructive.

In Plucker, the plaintiff-insured requested production of deposition and

trial testimony transcripts of the defendant-insurer's employees.  Id.  After the

defendant-insurer objected to the request on privilege grounds, the plaintiff-

insured brought a motion to compel.  Id.  Ruling on the motion to compel, the

court found that prior lawsuits against the defendant-insurer alleging the same

legal claims as those raised by Plucker (breach of contract, fraud, and bad

faith)[3] were relevant for discovery purposes.  Id.  The court ordered the

defendant-insurer to produce a copy of the complaint and answer, together

with any amended complaint or amended answer and copies of any briefs filed

relative to dispositive motions in any case alleging similar legal claims for the

time period requested where an employee of defendant-insurer testified by

deposition or at trial.  Id.  The plaintiff-insured was then directed to review the

pleadings and motions provided by the defendant-insurer and request copies of

the entire litigation files of any cases she believed shared a legal nexus with her

claim.  Id.  Upon request by the plaintiff-insured, the defendant-insurer was

ordered to produce the entire litigation file, including transcripts of deposition

or trial testimony of defendant-insurer's employees, and provide a privilege log

---

[3] In Plucker, the court required production of documents only from cases
arising from the same type of insurance claim at issue there—first party auto
claims.  Plucker, 2014 WL 68752, at *4.  But later cases in this District have
not required case files to involve the exact type of insurance claim presented by
the plaintiff to be discoverable.  E.g., Schultz, 2016 WL 3149686, at *9.
Accordingly, the court requires only that the referenced cases involve similar
legal claims to be discoverable.

if it believed documents or parts of documents in those files were protected from discovery.  Id.  See also Kirschenman v. Auto-Owners Ins., 280 F.R.D. 474, 490 (D.S.D. 2012) ("[Defendant-insurer] shall also obtain copies of any transcripts of deposition or trial testimony of its employees or officers in any of the litigation files requested by plaintiffs.").

Here, like in Plucker, whether the trial testimony of Farmers employees in the five referenced lawsuits related to conduct that is similar to the conduct she alleges is unknown because neither party has indicated what legal claims the plaintiffs in those cases raised against Farmers.  Unlike in Plucker, Ms. Frazier has already requested case files from specific cases.  Therefore, for each of the five referenced cases that involve breach of contract, bad faith, punitive damages, or vexatious refusal to pay claims against Farmers, Farmers is ordered to produce a copy of the complaint and answer, together with any amended complaint or amended answer and copies of any briefs filed relative to dispositive motions along with their exhibits.  For each such case Farmers is also ordered to produce transcripts of deposition or trial testimony of defendant-insurer's employees, copies of any verdicts or judgments, excluding any confidential settlement agreements.  Farmers may provide a privilege log if it believes documents or parts of documents in those files are protected from discovery by attorney-client privilege or the work-product doctrine.[4]

---

[4] With the near-universal advent of electronic docketing systems at the trial court level, the court notes that most if not all of the documents Ms. Frazier is requesting are equally available to both parties.  That fact, however, has never been accepted as a valid objection to properly propounded discovery requests.

Ms. Frazier also asks this court for an order directing Farmers to formally swear under oath that all documents responsive to her Rule 34 requests have been produced.  See Docket No. 33 at p. 5.  The Federal Rules of Civil Procedure require responses to interrogatories to be signed by either the party or its counsel under oath.  See FED. R. CIV. P. 33(b)(3).  However, Rule 34 regarding production of documents contains no similar requirement.  See FED. R. CIV. P. 34.  Nevertheless, a court has discretion to order a party to formally swear under oath that all documents responsive to a Rule 34 request have been provided.  Gowan v. Mid Century Ins. Co., No. 5:14-CV-05025-LLP, 2015 WL 7274448, at *6 (D.S.D. Nov. 16, 2015).  Under these circumstances, the court finds this option to be appropriate.  Farmers is directed to formally swear under oath that all documents responsive to Ms. Frazier's request for production number 26 have been provided.

## C.    Ms. Frazier's Requests for Sanctions

Ms. Frazier also asks the court to sanction Farmers for its conduct during the discovery process.  See Docket No. 33 at pp. 5-11.  Ms. Frazier requests (i) costs and attorneys' fees for bringing this second motion to compel; (ii) the costs of re-taking depositions, if required, and (iii) a jury instruction related to Farmers' bad conduct during discovery.

---

See St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 514 (N.D. Iowa 2000).

### 1.    Costs and Attorneys' Fees

Ms. Frazier asks the court to sanction Farmers under Federal Rule of

Civil Procedure 37(a)(5)(A).  That rule states:

> (5) *Payment of Expenses; Protective Orders.*
>     (A) *If the Motion Is Granted (or Disclosure or Discovery Is
>         Provided After Filing).*  If the motion is granted—or if the
>         disclosure or requested discovery is provided after the
>         motion was filed—the court must, after giving an opportunity
>         to be heard, require the party or deponent whose conduct
>         necessitated the motion, the party or attorney advising the
>         conduct, or both to pay the movant's reasonable expenses
>         incurred in making the motion, including attorney's fees.
>         But the court must not order this payment if:
>         (i) the movant filed the motion before attempting in good
>             faith to obtain the disclosure or discovery without court
>             action;
>         (ii) the opposing party's nondisclosure, response, or objection
>             was substantially justified; or
>         (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).  To satisfy this hearing requirement, the court "can

consider such questions on written submissions as well as on oral hearings."

FED. R. CIV. P. 37(a)(4) advisory committee's note to 1993 amendment

(regarding Rule 37(a)(4), which has since been renumbered as Rule 37(a)(5)).

Here, the court has granted Ms. Frazier's motion to compel responses to

specific discovery requests, and Farmers did not provide signed discovery

responses until after Ms. Frazier filed her second motion to compel.  Therefore,

Ms. Frazier meets the first criterion of Rule 37(a)(5)(A).  And Ms. Frazier first

raised the issue of Rule 37 costs and attorneys' fees in her second motion to

compel.  See Docket No. 28 at p. 1.  Therefore, Farmers had an opportunity to

be heard when it responded in writing to Ms. Frazier's motion.  With these

requirements satisfied, the court examines whether any of the exceptions

outlined in Rule 37(a)(5)(A)(i)-(iii) apply.  If none of the exceptions apply, the court must award costs.  FED. R. CIV. P. 37(a)(5)(A).

On this issue, Ms. Frazier argues this case is analogous to Heil v. Belle Starr Saloon & Casino, Inc., No. CIV. 09-5074-JLV, 2011 WL 13353218, at *4 (D.S.D. Aug. 3, 2011), and none of the exceptions laid out in Rule 37(a)(5)(A) apply.  See Docket No. 33 at p. 6.  The court agrees.

First, Ms. Frazier must not have filed the motion before attempting in good faith to obtain the disclosure or discovery without court action. Ms. Frazier submitted to the court documentation showing repeated attempts to resolve the discovery disputes without involving the court, and Farmers has not alleged any contrary facts or information.  Therefore, the court finds that Ms. Frazier did not file this second motion to compel before attempting in good faith to resolve her discovery disputes with Farmers.

Next, the court considers whether Farmers' non-disclosure, response, or objection was substantially justified.  Farmers has presented no information or evidence justifying its repeated delays and non-disclosure of the documents at issue in this second motion to compel.  "Because defendant[] ha[s] no substantial justification for refusing to disclose these documents" (Bone Shirt v. Hazeltine, No. CIV. 01-3032-KES, 2003 WL 27384630, at *3 (D.S.D. Aug. 15, 2003)), the court finds this second exception does not bar Ms. Frazier's recovery of costs.

Lastly, Farmers has not identified any other circumstances that make the award of expenses on this second motion to compel unjust.  Therefore,

24

there is "no substantial justification for [Farmers'] incomplete and untimely responses" (Heil, 2011 WL 13353218, at *4), and expenses are required by Rule 37(a)(5)(A).  Ms. Frazier's request for expenses related to the second motion to compel is granted.  Ms. Frazier is directed to submit an affidavit of her costs and attorney's fees associated with this motion within 21 days of this order along with an accounting of attorney hours and description of what those hours represent in terms of attorney work.

## 2.  Deposition Costs

Next, Ms. Frazier asks for an award of deposition costs for any depositions that need to be retaken due to Farmers' late production of documents.  The parties agree that Ms. Frazier may retake depositions of Farmers' employees if Ms. Frazier shows that "additional information has been provided to them via the 'formal' discovery responses which necessitates any deposition to be reconvened."  See Docket No. 32 at p. 1.  Ms. Frazier argues Farmers should be responsible for the costs of any such reconvened depositions.

In support of her position, Ms. Frazier argues this case is analogous to Nachurs Alpine Sols., Corp. v. Banks, No. 15-CV-4015-LTS, 2017 WL 2695301, at *2-5 (N.D. Iowa June 22, 2017).  In that case, the Northern District of Iowa imposed a sanction of attorneys' fees and the costs of retaking certain defendant's employees' depositions after the defendant failed to provide sufficient discovery responses before the employees' depositions.  Id. at *9.  The Nachurs Alpine court looked to the Federal Rules of Civil Procedure and the

inherent power of the court in crafting its sanctions order.  Id. at *7-8.

Notably, the court discussed Federal Rule of Civil Procedure 37(c)(1), which

provides for applicable sanctions to be imposed if a party does not make or

supplement required disclosures under Rule 26.  Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as
> required by Rule 26(a) or (e), the party is not allowed to use that
> information or witness to supply evidence on a motion, at a
> hearing, or at a trial, unless the failure was substantially justified
> or is harmless.  In addition to or instead of this sanction, the
> court, on motion and after giving an opportunity to be heard: (A)
> may order payment of the reasonable expenses, including
> attorney's fees, caused by the failure; (B) may inform the jury of
> the party's failure; and (C) may impose other appropriate
> sanctions, including any of the orders listed in Rule
> 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c)(1).

The issue in Nachurs Alpine was whether the defendant's failure to

adequately supplement their Rule 26 disclosures was sanctionable.  While Rule

37(c)(1) authorizes sanctions for failure to disclose or supplement information

or witnesses under Rule 26, it does not authorize sanctions related to other

untimely or inadequate discovery, e.g., responses to requests for production

and interrogatories.  Therefore, Ms. Frazier has not shown an entitlement to an

award of costs under Rule 37.

But the Federal Rules of Civil Procedure are not the only authority which

give courts sanction power.  The court also possesses inherent power to impose

sanctions in matters arising from discovery abuse.  See Sylla-Sawdon v.

Uniroyal Goodrich Tire Co., 47 F.3d 277, 280 (8th Cir. 1995).  The court has

broad discretion to shape an appropriate remedy, including entering default

judgment, striking pleadings, providing an adverse jury instruction, and awarding attorneys' fees and costs. See Stevenson v. Union Pacific R.R. Co., 354 F.3d 739, 745-46 (8th Cir. 2004). "The most severe sanctions are reserved for those litigants demonstrating 'blatant disregard of the Court's orders and discovery rules [and] engaging in a pattern of deceit by presenting false and misleading answers and testimony under oath in order to prevent their opponent from fairly presenting its case.'" Nachurs Alpine, 2017 WL 2695301, at *8 (quoting Chrysler Corp. v. Carey, 186 F.3d 1016, 1022 (8th Cir. 1999)).

The court recognizes that, due to Farmers' untimely discovery responses, Ms. Frazier may, as the parties have agreed, need to retake certain Farmers employees' depositions. But the court will not order that Farmers pay the fees and costs associated with those depositions at this time. The court agrees with Farmers that an order awarding costs and fees for depositions that may never be noticed is premature. See Docket No. 50 at pp. 4-5. If Ms. Frazier retakes any such deposition, she may file a motion seeking reimbursement of costs and fees should she choose to do so. Such a motion should clearly detail the reasons why retaking the deposition was necessary and summarize and support the expenses associated with the deposition. See e.g., Bootheel Ethanol Invs., L.L.C. v. Semo Ethanol Coop., No. 1:08-CV-59 SNLJ, 2011 WL 4549626, at *8 (E.D. Mo. Sept. 30, 2011).

### 3.    Jury Instruction

Lastly, Ms. Frazier asks the court for an adverse inference jury instruction at trial admonishing Farmers for its bad-faith conduct during

discovery.  Docket No. 29 at p. 9.  Farmers resists Ms. Frazier's request, arguing that Ms. Frazier has not been prejudiced by Farmers' conduct in discovery, despite its untimely responses.  Docket No. 32 at p. 2.  In her reply, Ms. Frazier concedes she cannot establish prejudice at this time and asks the court to reserve ruling on this issue until trial.  The court agrees.  The issue of an adverse inference jury instruction is premature.

Additionally, all matters relating to how the trial is conduct are for the district court, the Honorable Lawrence L. Piersol, to resolve. Should Ms. Frazier wish to make a timely motion before the district court for an adverse inference jury instruction related to Farmers' alleged bad-faith conduct in discovery, she may do so.

## CONCLUSION

Based on the foregoing facts, law and analysis, it is hereby

ORDERED that the motion to compel [Docket No. 28] filed by plaintiff Jean Frazier is granted as to requests for production 9, 18, and 26.  Defendant Farmers Mutual Insurance Company of Nebraska shall provide, within 15 days of the date of this order, the following materials:

1.  Manuals, policies, procedures, training materials or guidelines used in Farmers' claims operation for handling weather-related property damage claims;

2.  The documents showing compensation, including financial incentive programs or bonus/profit sharing programs, of Steve Hostert, Kristine Filipi, Aaron Glause, and Mark Walz from

2015 to 2019, said production to be made consistent with the parties' confidentiality agreement and with redaction of sensitive medical, social security, or account number information; and

3. For each case referenced in Request for Production number 26 where breach of contract, bad faith, punitive damages, or vexatious refusal to pay claims were raised against Farmers, the complaint and answer, including any amended complaints and amended answers, copies of any dispositive motions and responding briefs and exhibits filed therewith, any verdicts or judgments (excluding confidential settlement agreements), and transcripts of deposition or trial testimony of Farmers employees.  After providing these case files to Ms. Frazier, Farmers shall formally swear under oath that it has provided all documents described in this subsection 3.

ORDERED that Ms. Frazier shall be entitled to reasonable costs and attorneys' fees for bringing this motion to compel.  Ms. Frazier shall file an affidavit with proof of service setting forth the time reasonably spent on this motion, the hourly rate requested for attorneys' fees and costs, and any factual matters pertinent to the motion for attorneys' fees within 21 days of this order. Farmers shall file any and all objections to the allowance of fees within 14 days after receipt of service of Ms. Frazier's motion and affidavit.  Farmers may, by counter affidavit, controvert any of the factual matters contained in

29

Ms. Frazier's motion and may assert any factual matters bearing on the award

of attorneys' fees.  D.S.D. LR 54.1(C).  Ms. Frazier shall have seven days

thereafter to file a reply.

DATED January 11, 2021.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge